UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7216-GW-JCx | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Joseph Layton, et al. v. The Standard Fire Insurance Company, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None Present                                            None Present

**PROCEEDINGS:    IN CHAMBERS - ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

This case is currently set for a December 15, 2025, hearing on a motion to dismiss filed by defendant The Standard Fire Insurance Company ("Defendant"). That hearing will be vacated, and a briefing schedule set to address subject matter jurisdiction in this case.

Defendant removed this case to this Court on August 5, 2025. In its removal papers, Defendant acknowledged that, considering *all* of the parties to the case at the time of removal, there was a lack of complete diversity. At that time, HUB International Insurance Services Inc. ("HUB") was a defendant in this case, and it was non-diverse from each of the plaintiffs in the case – Joseph Layton, Sherwood Vane, Janee Vane, Joshua Weisman, and Elizabeth Marks (collectively, "Plaintiffs").

Defendant argued that HUB could be ignored, for purposes of assessing diversity jurisdiction, because it had been "fraudulently joined" in this action, because there had been fraudulent *mis*joinder in this case, and because there had been misjoinder.[1] *See* Notice of Removal, Docket No. 1, ¶¶ 16-33. First, fraudulent *mis*joinder is not a doctrine that the Ninth Circuit – unlike other courts – appears to have recognized, Stevenson & Fitzgerald, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2025), ¶ 2:2425.1, meaning that parties should work out any issues in that regard while they are still in state court. *See, e.g.*, *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1126-28 (E.D. Cal. 2004); *Early v. Northrop Grumman Corp.*, No. 2:13-cv-3130-ODW (MRWx), 2013 WL 3872218, *2 (C.D. Cal. July 24, 2013). Second, misjoinder (under Rule 20 of the Federal Rules of Civil Procedure) is not an issue that a federal court can address until it has been satisfied that it has subject matter jurisdiction to do so. Finally, principally because of the Ninth Circuit's decision in 2018 in *Grancare, LLC*

---

[1] Misjoinder is also an issue raised in the currently-pending motion to dismiss.

:

Initials of Preparer     JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7216-GW-JCx | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Joseph Layton, et al. v. The Standard Fire Insurance Company, et al.* | | |

*v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018), and the emphasis in that case on a district court's consideration of "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," *id.* at 550, this Court has serious doubts with respect to the correctness of Defendant's multiple fraudulent joinder-based arguments.

Stepping past the time of removal, momentarily, two other potentially-relevant events occurred. Defendant filed an initial motion to dismiss in this matter on August 12, 2025. Within the time to do so, Plaintiffs amended their Complaint as-a-matter-of-right on August 25, 2025. In that amendment, Plaintiffs dropped HUB as a party in this case. Therefore, as of August 25, the parties in this case *were* completely diverse. The question is whether that matters when they were – at the very least arguably – *not* completely diverse at the time of removal.

This Court must *sua sponte* consider its own subject matter jurisdiction. *See, e.g.*, *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Given Plaintiffs' dropping of HUB from this case, it is at least conceivable that all parties are currently happy to be in federal court and have no reason to suggest that there is a jurisdictional problem here. That may not remain true once the merits have been assessed. As all are no doubt aware, subject matter jurisdiction is subject to consideration, and must be demonstrated, at every stage of a case, including on appeal. It therefore serves no one's interest to not assess this question carefully now, notwithstanding HUB's disappearance from this case and the parties' presumed satisfaction with their own present whereabouts, jurisdictionally-speaking.[2]

The Court would ask the parties to brief the question of whether the post-removal dismissal of the only diversity-destroying defendant cures what would otherwise be a fatal jurisdictional defect at the time of removal. The parties should attempt to support their briefing by citation to cases on all fours: specifically, removal cases, where jurisdiction was based on complete diversity, and where the only (or all) diversity-destroying defendant(s) was/were dropped from the action by the plaintiff(s) – not as the result of a court order – post-removal, and the court actually assessed the jurisdictional impact/effect of all of the foregoing.[3]

---

[2] The Court also acknowledges that a remand of this case, when HUB is no longer a party to it, may be of only momentary effect as, once back in state court, Defendant may attempt to then immediately remove the case again. Still, ensuring proper subject matter jurisdiction may make this exercise a wise, if otherwise-frustrating, one to undertake.

[3] In reaching this question, the parties can assume that the Court is not persuaded by Defendant's various arguments for why HUB's citizenship should have been ignored at the time of removal. Nevertheless, in its briefing, Defendant (or even Plaintiffs as well, if they should so choose) is free to again try to convince the Court that it has the better argument respecting fraudulent joinder. It should be aware, however, that the Court considers *Grancare* to be an Everest-like summit for it to top in this regard.

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7216-GW-JCx | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Joseph Layton, et al. v. The Standard Fire Insurance Company, et al.* | | |

  Given the upcoming holiday season, the Court will lengthen the briefing schedule that it would ordinarily otherwise set in this matter. As such, the parties may file simultaneous opening briefs on this topic by Friday, December 19, 2025. They may then file simultaneous responsive briefs by Thursday, January 8, 2026. The Court will address this issue of subject matter jurisdiction (and, if it is satisfied that such jurisdiction has been established, the pending motion to dismiss) on Thursday, January 15, 2026, at 8:30 a.m.

  Given the foregoing, the December 15, 2025, hearing is vacated.

  IT IS SO ORDERED.

:

Initials of Preparer JG